Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers Compensation Act.
2. An employee-employer relationship existed between plaintiff-employee and defendant-employer at all relevant times.
3. The Hartford was the carrier on the risk.
4. Plaintiffs average weekly wage is $293.30.
5. Defendants admit that plaintiff sustained a compensable right knee injury on 12 December 1997, but deny that plaintiff sustained a back injury during treatment for the knee injury.
6. Various medical records and other documents have been stipulated into evidence, including a statement of plaintiffs work hours beginning 3 August 1998.
 ************
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff worked as a hardware attacher for defendant-employer for about one year before her injury.
2. On 12 December 1997, plaintiff sustained an admittedly compensable injury to her right knee when she fell off a three and one-half foot high platform.
3. Plaintiffs family physician, Mark Hawkins, M.D., provided initial treatment for her knee. Dr. Hawkins referred plaintiff to David C. Hillsgrove, M.D., of Lake Norman Orthopedics.
4. Defendants referred plaintiff to Robert W. Hart, III, M.D., at Hart Industrial Clinic on 8 April 1998. On that date, Dr. Hart immediately referred plaintiff to H. G. Winfield, III, M.D., at Hickory Orthopedic. Dr. Winfield reviewed and agreed with the MRI performed by Dr. Hillsgrove. On 10 July 1998, Dr. Winfield performed right knee surgery for the lateral meniscus tear in plaintiffs right knee.
5. After plaintiffs knee surgery, Dr. Winfield referred her to Piedmont Therapy for rehabilitation. On 3 August 1998, plaintiff injured her back while using a toe raise weight machine. At that time, plaintiff heard a pop in her back with the immediate onset of back pain, which gradually worsened over time.
6. Plaintiff did not have back problems prior to starting therapy on 16 July 1998. However, the physical therapist, Todd Boheimer, observed muscle spasms at the L4 through S1 levels in plaintiffs back on 5 August 1998.
7. On 5 August 1998, Mr. Boheimer called Dr. Winfield and reported plaintiffs injury of 3 August 1998. Defendant-carrier initially approved physical therapy for plaintiffs back, but later reversed its acceptance of her back injury.
8. After defendants denied her back claim, plaintiff sought treatment with Scott M. McCloskey, M.D., a Hickory neurosurgeon. Dr. McCloskey ordered a myleogram and discogram, in addition to the MRI that was ordered by Dr. Winfield. On 10 December 1998, Dr. McCloskey performed L4-5 cage fusion surgery on plaintiff. Dr. McCloskey also diagnosed plaintiff with a disk herniation at the L4-5 region.
9. Plaintiffs back condition was the result of her 3 August 1998 weight machine incident during physical therapy for her right knee.
10. Except for one hour on 20 August 1998, plaintiff has been unable to work since 13 August 1998, which is the period in dispute. Defendants did not dispute plaintiffs disability prior to 13 August 1998. Plaintiff has reached maximum medical improvement with respect to her knee injury and retains a 10% disability to the right leg. Plaintiff has not reached maximum medical improvement with respect to her back injury.
11. Plaintiff received short-term disability payments for a period of thirteen weeks at a rate of $85.00 per week. The short-term disability plan was funded by defendant-employer.
************
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident to her right knee, which injury arose out of and in the course of her employment on 12 December 1997, and, as a direct and natural result of that injury, sustained a injury to her back on 3 August 1998. G.S. 97-2(6).
2. Plaintiffs average weekly wage as stipulated by the parties was $293.30, which yields a compensation rate of $195.54 per week. G.S. 97-2
(5).
3. Plaintiff is entitled to weekly total disability benefits in the amount of $195.54 from 13 August 1998 and continuing. G.S. 97-29.
4. Defendants are entitled to a credit for payments made to plaintiff for the thirteen weeks that she received short-term disability at the rate of $85.00 per week. G.S. 97-42.
5. Defendants defense of this claim was reasonable. G.S. 97-88.1.
6. Plaintiff is entitled to attorneys fees as part of the costs of this appeal to the Full Commission. G.S. 97-88.
7. Plaintiff is entitled to payment of interest at the rate of 8% on the final award or unpaid portion thereof from 23 February 1999, the date of the initial hearing of this claim. G.S. 97-86.2; G.S. 24-1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff total disability compensation benefits at the rate of $195.54 per week from 14 August 1998 and continuing until plaintiff returns to work or further order of the Commission. Defendants are entitled to a credit for the thirteen weeks that plaintiff received short-term disability at the rate of $85.00 per week. Any accrued amount shall be paid to plaintiff in a lump sum, subject to a reasonable attorneys fee approved in Paragraph 2 of this Award.
2. A reasonable attorneys fee in the amount of twenty-five percent of the compensation awarded for plaintiff is approved for plaintiffs counsel. The attorneys fee shall be deducted from the compensation due plaintiff and shall be paid directly to plaintiffs counsel.
3. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, give relief, or tends to lessen plaintiffs period of disability, when bills for same have been submitted and approved by the Commission.
4. Defendants shall pay $750.00 in attorneys fees to plaintiffs counsel as part of the costs of this appeal to the Full Commission.
5. Defendants shall pay the costs, including interest pursuant to G.S. 97-86.2 on any unpaid compensation from 23 February 1999, the date of the initial hearing on this claim.
6. The issue of whether plaintiff is entitled to elect the 10% rating to her right leg at this time is RESERVED.
 S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ LAURA K. MAVRETIC COMMISSIONER